The Honorable Timothy W. Dore
Chapter 7
Hearing Location: Courtroom 8106, Seattle
Hearing Date: October 4, 2019
Hearing Time: 9:30 a.m.
Response Date: September 27, 2019

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In Re: ) Chapter 7
) No. 18-11838
KATHLEEN ANN ESTABROOK )
) TRUSTEE'S MEMORANDUM
) INS SUPPORT OF MOTION
) TO DENY DEBTOR
) EXEMPTION CLAIM
) IN PERSONAL INJURY
) SETTLEMENT PROCEEDS
)

COMES NOW the Chapter 7 Trustee, Ronald G. Brown, and hereby submits the following memorandum in support of the trustee's motion to deny the debtor's exemption claim against proceeds from personal injury claim settlements.

Statement of Facts

The debtor filed May 6, 2018. The original bankruptcy schedules did not schedule a personal injury claim. After the initial creditors meeting on June 7, 2019, and a continued creditors meeting on June 28, 2019, the debtor on July 30, 2019, more than 30 days after the last meeting, filed amended schedules listing a personal injury claim with "unknown" value and claimed an exemption in the sum of $23,675 pursuant to 11 U.S.C. 522(d)(11)(D). The trustee filed an objection to the exemption claim on August 1, 2019, on the basis that the asset was not disclosed and that the exemption pursuant to 11 U.S.C. 522(d)(11)(D) was unliquidated and is exclusive of an exemption for pain and suffering or compensation for actual pecuniary loss.

The Bankruptcy Court entered an order on September 24, 2018 for a Rule 2004 examination against an attorney and his law firm who were representing the debtor in the personal injury claim

TRUSTEE'S MEMORANDUM - 1

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

after the trustee was unable to obtain information and documents regarding the claim. The bankruptcy estate subsequently filed an ex parte motion to appoint special counsel for the bankruptcy estate to pursue the claim. The debtor objected, and the motion was scheduled for hearing. After hearing, the court entered an order appointing special counsel for the bankruptcy estate on December 12, 2018. In the debtor's response to the appointment of special counsel, the debtor attached, as an exhibit to the response, an Agreement for Legal Services dated February 19, 2018 with her attorney for the personal injury claim, more than two months before the debtor had filed for bankruptcy.

The court previously entered an order authorizing the settlement of personal injury claims against the tortfeasor's liability insurance coverage in the sum of $25,000, obtained by special counsel for the trustee, by a court order entered on June 11, 2019. The bankruptcy estate is now seeking court authorization to settle underinsured motorist claims in the sum of $25,000.

<u>Argument</u>

The debtor signed an agreement dated February 19, 2018 to retain counsel to pursue the personal injury claims before she filed about three months later on June 7, 2018. She was undergoing continuing chiropractic treatment related to her injuries at the time of filing. The debtor did not disclose the personal injury claim on her original schedules, but then amended the schedules to add the claim more than 30 days after the continued creditors meeting once it became evident that the estate would be administering the claim. The attorney that the debtor retained did not cooperate with the bankruptcy estate and it required a Rule 2004 examination order to obtain appropriate documentation. The debtor also opposed the appointment of special counsel to pursue the claim.

The U.S. Supreme Court in <u>Law v. Siegel,</u> 134 S.Ct. 1188, 1196 (2014) limits court authority to disallow an exemption based upon the debtor's fraudulent concealment of an asset. However, that decision "does not evince any overweening affection or solicitude for dishonest debtors in bankruptcy." <u>In re Elliott</u>, 544 B.R. 421, 432 (9th Cir. BAP, 2016), <u>aff'd</u> 692 Fed Appx. 472 (2017). The debtor cannot claim an exemption in property that was concealed. There is concealment of an asset if the debtor "takes affirmative action to mislead creditors about whether particular property

TRUSTEE'S MEMORANDUM - 2

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

existed." 4 <u>Collier on Bankruptcy</u> 522.12 (2)(b) )(Alan N. Resnick & Henry J. Sommer, eds., 16th edition).

In this case, the debtor took affirmative acts, not only to file original schedules not disclosing the personal injury claim, but also not to disclose an Agreement for Legal Services dated February 19, 2018 with her attorney for the personal injury claim. The debtor appears to not have disclosed the claim to her bankruptcy counsel. See Trustee's Declaration, Exhibit 1. Further, the debtor appears to have admitted to the trustee's special counsel that she did not believe the car accident was "part of" the bankruptcy." See Crosta Declaration. Significantly, the original and amended schedules are purposefully incomplete. She did not only not list the claim as an asset, but also did not list accident-related medical bills on the schedule of debts. <u>Id.</u>

Under such circumstances, on the facts and on the basis of existing case law, the debtor should not be allowed to claim an exemption in the personal injury claim proceeds. If the court may nonetheless consider an exemption claim, an exemption claim pursuant to 11 U.S.C.522(d)(11)(D) is limited and does not include an exemption for pain and suffering or compensation for actual pecuniary loss. Most of the allocation for the settlement claim is for pain and suffering. See Crosta Declaration.

DATED this 29th day of August, 2019.

/s/ *Ronald G. Brown*
Ronald G. Brown, WSBA #8816
Chapter 7 Trustee

TRUSTEE'S MEMORANDUM - 3

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7878 FACSIMILE